UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCISCA DELACRUZ,

    Plaintiff,

-vs-                                              CASE NO.:

SYNCHRONY BANK, N.A.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Francisca Delacruz (hereinafter "Plaintiff"), sues Defendant, Synchrony Bank, N.A., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

1

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Naples, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Synchrony Bank, N.A. ("Synchrony") is a corporation with a principal place of business located in the State of Utah that conducts business in the State of Florida.

7. Synchrony is a furnisher of information as defined by the FCRA.

## FACTUAL ALLEGATIONS

8. Non-parties Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

9. In or around early-2022 Plaintiff received notice that her Synchrony issued "Rooms to Go" credit card had been used to make a purchase of over $32,000 without her knowledge, permission, or consent.

10. Synchrony then began furnishing false information about the fraudulent charges to Equifax, Experian, and TransUnion, which subsequently appeared on Plaintiff's credit files.

11. Pursuant to the Fair Credit Reporting Act, Plaintiff began a campaign of disputing the debt by sending dispute letters to Equifax, Experian, and TransUnion.

12. Upon information and belief, Equifax researched the fraudulent charges and removed the account from Plaintiff's credit file.

13. Upon information and belief, TransUnion never conducted any investigation into Plaintiff's disputes.

14. Upon information and belief, Experian sent an ACDV to Synchrony pursuant to the FCRA.

15. In response, Synchrony VERIFIED AS ACCURATE the false information it was furnishing to Experian about Plaintiff on multiple occasions.

16. Plaintiff also directly disputed the charges with Synchrony to no avail.

17. To date, Synchrony continues to hold Plaintiff responsible for the fraudulent charges, sending her collection notices, and furnishing false information to credit bureaus about her.

18. Due to the actions and/or inactions of Synchrony, Plaintiff's credit scores have dropped significantly.

19. Due to the actions and/or inactions of Synchrony, Plaintiff has suffered from unwanted and unnecessary worry, fear, frustration, anger, and sleeplessness.

20. Plaintiff runs a business and relies on her otherwise good credit to make purchases she needs to keep her business open.

21. Plaintiff's damages are ongoing as of the filing of this Complaint.

## COUNT I
## Violations of the Fair Credit Reporting Act

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23. Plaintiff is a consumer as defined by the FCRA. The alleged debt in question is a consumer debt as defined by the FCRA.

24. Synchrony furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

25. Synchrony violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of its representations; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of its own inaccurate representations to the consumer reporting agencies.

26. Synchrony violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

27. Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided by the Plaintiff in connection with her dispute of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify who the responsible party was for the debt in question or verify the information provided by Plaintiff in her disputes. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

28. As a result of the conduct, action, and inaction of Synchrony, Plaintiff suffered damages by loss of the ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein.

29. Synchrony's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

30. Plaintiff is entitled to recover reasonable attorney's fees and costs from Synchrony in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Synchrony to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or §1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813-951-8278
Facsimile: 844-951-3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*